IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VERNIS V. JOE                                                                                              PLAINTIFF

vs.                                         Civil No. 1:12-cv-01030

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Vernis V. Joe ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed his SSI and DIB applications on May 22, 2009. (Tr. 11). Plaintiff alleges being disabled due to the following: "Lower back surgery, rods and pins in lower back, back pain, right leg pain and numbness." (Tr. 137). Plaintiff alleges the following regarding his impairments:

I am in constant pain in my lower back and right leg. I cannot sit or stand for very

1

> long without changing positions. I cannot bend over and pick up anything at all due to my back pain and problems. I used to be able to play basketball and baseball, but I cannot do this anymore.

*Id.* Plaintiff originally alleged an onset date of January 31, 2008, but he later amended his alleged onset date to May 18, 2009. (Tr. 137). These applications were denied initially and again upon reconsideration. (Tr. 42-45).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 60-76). Plaintiff's administrative hearing was held on September 17, 2010 in Little Rock, Arkansas. (Tr. 24-41). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at the hearing in this matter. *Id.* At this hearing, Plaintiff testified he was thirty-two (32), which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 26-27). Plaintiff also testified he had received his high school diploma and had completed some college classes. *Id.*

On October 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 18, 2009, his amended alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairment: chronic back pain status-post mechanical fusion of L5 and S1. (Tr. 13-14, Finding 3). However, the ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb, balance, stoop, bend, crouch, kneel, and crawl. He must be able to alternate between sitting and standing at will.

*Id.* Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work" involves the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a machine tender (semi-skilled, heavy). (Tr. 17). Considering his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. (Tr. 17-18, Finding 6). The ALJ, however, also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 18). Specifically, the VE testified that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff retained the capacity to perform the requirements of representative occupations such as

cashier with 113,000 such jobs in Arkansas and 530,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from May 18, 2009 through the date of his decision or through October 26, 2010. (Tr. 19, Finding 11).

On November 15, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On January 31, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5). On April 4, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal, Plaintiff raises the following four arguments for reversal: (A) the ALJ erred when he found Plaintiff's impairments did not meet the requirements of Listings 1.02, 1.04, 1.06, and 1.07; (B) the ALJ improperly considered Plaintiff's pain as a non-exertional limitation; (C) the ALJ did not give proper consideration to Plaintiff's chronic pain and the impact it has on him; and (D) the ALJ improperly determined Plaintiff was not entitled to a closed period of disability. ECF No. 7. In response, Defendant argues that substantial evidence of record supports the ALJ's disability determination. ECF No. 8 at 5-14. Specifically, Defendant argues the ALJ's Step Three determination, credibility determination, and RFC determination are all supported by substantial evidence in the record. *Id.* The Court will address each of the four arguments Plaintiff has raised.[1]

**A.     Step Three Determination**

Plaintiff claims the ALJ improperly determined his impairments did not meet the requirements of Listings 1.02, 1.04, 1.06, and 1.07. ECF No. 7 at 12-15. In making this argument in his briefing, Plaintiff recites the requirements of these Listings and then states he meets these requirements. *Id.* Plaintiff then cites to the "record" and states it demonstrates he "has had several debilitating accidents, injuries and surgeries from which he has not recovered." *Id.* Plaintiff claims these impairments cause him to meet the requirements of these Listings. *Id.*

Plaintiff has the burden of establishing his impairments meet all the requirements of one of the Listings. *See McCoy v. Astrue,* 648 F.3d 605, 611-12 (8th Cir. 2011) (holding that "[t]o qualify for disability under a listing, a claimant carries the burden of establishing that his condition meets or equals all specified medical criteria") (citation omitted). Here, Plaintiff claims he meets the

---

[1] Because Plaintiff's second and third arguments raise essentially the same issue, the Court will address those two arguments together.

requirements of these Listings, but he has not demonstrated through the medical evidence that he actually meets those requirements. Thus, the Court finds Plaintiff has not met his burden of establishing his impairments meet the requirements of Listings 1.02, 1.04, 1.06, and 1.07, and the Court will not address Plaintiff's argument further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that ALJ failed to consider whether he met certain listings where appellant provided no analysis of relevant law or facts).

### B.  Credibility Determination

Plaintiff claims the ALJ erred in considering his chronic pain as a non-exertional impairment. ECF No. 7 at 15-18. Plaintiff claims he suffers from severe pain which the ALJ did not fully consider, but he does not specifically argue *how* the ALJ erred in evaluating his subjective complaints. *Id.* Thus, the Court will review the ALJ's credibility evaluation in order to determine whether he properly evaluated Plaintiff's subjective complaints. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. (Tr. 14-17). First, the ALJ fully evaluated Plaintiff's allegations of disabling pain. *Id.* Second, the ALJ discounted those subjective complaints for legally-sufficient reasons. *Id.* Specifically, the ALJ noted that despite his subjective complaints of disabling pain, he was still able to perform a number of activities: (1) Plaintiff was able to attend 1 and ½ semesters of college since his amended alleged onset date; (2) Plaintiff was able to work after his back surgery while in jail

cleaning the kitchen and mopping every other day[3]; (3) Plaintiff reported "driving continuously on a suspended license, cooking meals, and shopping without assistance"; (4) Plaintiff did not take "strong pain medication"[4]; and (5) Plaintiff did not demonstrate there were "any treating source opinion[s] or [work] restrictions regarding his impairments."[5]  *Id.*  Based upon these findings, the Court holds the ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints, and his credibility determination should be affirmed.  *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### C. Closed Period of Disability

Plaintiff claims he is entitled to a closed period of disability.  ECF No. 7 at 18-20.  Plaintiff does not provide a suggested time period for that closed period of disability.  *Id.*  Based upon a review of the record, the Court finds no time period during which Plaintiff should have been awarded a closed period of disability.

---

[3] Plaintiff was in jail for 17 months after his back surgery.  (Tr. 16).

[4] Plaintiff claims he takes "copious amounts of medication," but does not reference any pages in the transcript supporting this claim.  ECF No. 7 at 18.  Upon review, it appears Plaintiff took prescription pain medication in 2009, 2010, and 2011.  (Tr. 242-243, 276-279, 297-298).  However, when Plaintiff was examined by an orthopaedist on June 7, 2011, he only reported taking one pain medication, Nucynta (50 mg).  This medication is for moderate to severe acute pain, and the dosage of 50 mg is the lowest dosage.  *See Drugs.com,* www.drugs.com/pro/nucynta.html (accessed March 18, 2013).  It is also otherwise unclear whether his prescription medication should be classified as "strong," and Plaintiff has not demonstrated it should be classified as such.  Thus, the Court finds Plaintiff has not demonstrated the ALJ erred by finding Plaintiff did not take "strong pain medication."

[5] It appears Plaintiff's treating physician actually did complete a "checklist" form indicating he thought Plaintiff was disabled.  (Tr. 294-296).  However, Plaintiff submitted only three pages of that form to the SSA, and two pages were omitted.  *Id.*  Because only three pages were submitted (and not the entire five pages), this report was unsigned, and the significance of this report was unclear.  Indeed, it appears the ALJ was unaware that a treating physician had submitted this report.  (Tr. 14-17).  Thus, the Court finds the ALJ did not err in failing to account for this report.

Indeed, upon review of the record in this case, Plaintiff had back surgery in July of 2006. (Tr. 282). Plaintiff was then incarcerated from January of 2008 until May of 2009. (Tr. 28). Plaintiff's amended onset date is May 17, 2009, the date he was released from prison. *Id.* On June 24, 2009, after his release, Plaintiff resumed his treatment with Dr. David H. Mosley, his general practice treating physician. (Tr. 242). He was assessed as having degenerative disc disease, chronic low blood pressure, and sciatica. *Id.* On October 23, 2009, he contacted Dr. Mosley requesting "something for back pain," and was prescribed pain medication. (Tr. 243). On February 9, 2010, his medication was refilled. (Tr. 278). On February 24, 2010, Plaintiff presented to Dr. Mosley; was diagnosed with degenerative disc disease, sciatica, and chronic back pain; and was prescribed pain medication. (Tr. 277). During this appointment, Plaintiff reported that he "realizes that he probably needs to see Dr. Schlesinger [his back surgeon] again for follow up but he can't afford that at this time." *Id.* The record indicates Plaintiff never sought this follow-up treatment.

Plaintiff's pain medication was refilled on April 19, 2010, April 28, 2010, May 17, 2010, and June 15, 2010. *Id.* On August 30, 2010, Plaintiff again presented to Dr. Mosley, was diagnosed with degenerative disc disease and chronic low blood pressure, and was prescribed pain medication. (Tr. 297). This medication was refilled on September 13, 2010. *Id.* On June 4, 2011, Plaintiff presented to emergency room at the Dallas County Medical Center after being involved in a motor vehicle accident. (Tr. 307- 322). X-rays were taken of Plaintiff's left shoulder, left knee, head, cervical spine, left leg, right wrist, and left forearm. (Tr. 315-321). Notably, the x-rays of Plaintiff's left shoulder, left knee, head, and cervical spine were found to be "normal." *Id.* The x-rays of Plaintiff's left leg, right wrist, and left forearm were found to be abnormal.[6] *Id.*

---

[6] Also, Plaintiff's medical records from this accident state Plaintiff tested positive for cocaine and marijuana use at the time of this accident. (Tr. 312).

Plaintiff then sought treatment from OrthoArkansas Orthopedics and Sports Medicine to treat his injuries from this accident. (Tr. 301-305). Plaintiff was found to have a left knee sprain and left forearm fracture described as a "nondisplaced left distal radial intraarticular fracture."[7] (Tr. 303). This fracture healed within a month, and Plaintiff's orthopaedist stated Plaintiff could "[b]egin range of motion/grip strengthening exercises with return to work in four to six weeks if symptoms dictate." (Tr. 305). It appears Plaintiff sought no further treatment for these injuries after this date.

Based upon this review, the Court finds that none of these records establish Plaintiff suffered from a disabling impairment during a one-year period such that he would be entitled to a closed period of disability. Accordingly, the ALJ did not err when he found Plaintiff was not entitled to a close period of disability.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 8th day of April 2013.**

                                          /s/   Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE

---

[7] Plaintiff's right wrist merely had a "soft tissue injury," and no fractures were identified. (Tr. 320).

11